IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jesse Lee McDonald, | ) | C/A No. 0:15-3771-GRA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Officer J. Quinn; Greenville County, *Municipality*; Major Stowers; Ronald Hollister; John Vandermosten, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Jesse Lee McDonald, a self-represented pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.   Procedural Background**

Plaintiff alleges that Defendant Officer J. Quinn interrupted Plaintiff's "religious Qabalah meeting" on September 3, 2015 and directed him and other inmates to remove "religious Qabalah strings" from their wrists. Plaintiff seeks injunctive relief in this case. (Id. at 4.)

**II.   Discussion**

   **A.   Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez,

504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

    **B.    Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this action, Plaintiff alleges a violation of his right to free speech and religious freedom under the First Amendment of the United States Constitution. (ECF No. 1 at 2-3.) However, for the reasons discussed below, the court finds that Plaintiff fails to state a claim upon which relief may be granted.

       **1.**      **Failure to Assert Personal Involvement—Greenville County, Stowers, Hollister, and Vandermosten**

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (holding that an official must be personally involved in the alleged deprivation before liability may be imposed). While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-79; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 570 (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible"). In the instant action, Plaintiff does not mention Defendants Greenville County, Stowers, Hollister, or Vandermosten in the body of the Complaint or provide any indication that these defendants were personally involved the alleged violation of Plaintiff's constitutional rights. Thus, while Plaintiff asserts a potentially cognizable claim under § 1983, he provides insufficient factual allegations against these defendants to state a plausible claim.[2]

---

[2] To the extent Plaintiff may also be alleging a violation of his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq., he likewise fails to assert a plausible claim against these defendants for a violation of his rights under that statute. See Iqbal, 556 U.S. at 677-79; see also Fed. R. Civ. P. 8(a)(2).



### 2.     Failure to Assert Municipal Liability—Greenville County

A plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. See Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (holding that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts . . . are taken in furtherance of some municipal 'policy or custom' ") (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  The instant Complaint fails to allege that the actions of which Plaintiff complains were done in furtherance of any policy, custom, or practice of Defendant Greenville County.  Therefore, Defendant Greenville County is also entitled to summary dismissal from this case for Plaintiff's failure to assert any actionable conduct by this governmental entity.

### 3.     Failure to Exhaust Administrative Remedies—All Defendants

While Plaintiff provides direct factual allegations against Defendant Quinn in the Complaint, the Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) ("The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement.").  The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense



and not a jurisdictional infirmity, Jones v. Bock, 549 U.S. 199 (2007), if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006).

In this case, Plaintiff alleges that the event giving rise to the Complaint occurred on September 3, 2015, which is the same date that Plaintiff submitted a grievance about the matter. (ECF No. 1 at 2-3.) Plaintiff also signed the Complaint on September 3, 2015, before receiving a final answer from the Greenville County Detention Center regarding his grievance. (Id. at 2, 4.) As it is clear from the face of the Complaint that Plaintiff filed the instant case prematurely, prior to exhaustion of his administrative remedies, Plaintiff's § 1983 claims are also subject to summary dismissal for lack of exhaustion.[3]

### III. Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

October 7, 2015  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

---

[3] The court notes that RLUIPA states "[n]othing in this chapter shall be construed to amend or repeal the Prison Litigation Reform Act of 1995." 42 U.S.C. § 2000cc-2(e). Thus, to the extent Plaintiff is alleging claims under RLUIPA, such claims are also unexhausted. See Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005) (noting that "a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).